IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 19-01270 |
| | ) | Chapter 7 |
| Jacob Danial, | ) | |
| | ) | OBJECTION TO WITHDRAWAL OF |
| | ) | PETITION; DEBTOR'S DISMISSAL OF |
| Debtor. | ) | THE CASE WITHOUT PREJUDICE |

COMES NOW WFRBS 2013-C18 Third Avenue SE, LLC, its successors and assigns ("Creditor"), by and through its attorneys, Davis, Brown, Koehn, Shors & Roberts, P.C., pursuant to 11 U.S.C. §707(a) and Bankruptcy Rules 1017(a) and (f)(1), 2002(a)(4) and 9014, and respectfully states to the Court the following as its Objection to Debtor Jacob Danial's ("Debtor") Withdrawal of Petition; Debtor's Dismissal of Case Without Prejudice filed herein October 4, 2019 ("Attempted Dismissal") (DN 17).

1. The Attempted Dismissal is defective and objectionable on both procedural and substantive grounds. As discussed more thoroughly below, Debtor failed to follow basic bankruptcy rules and there may be assets that the Chapter 7 trustee could administer to pay creditors.

2. <u>First</u>, the Attempted Dismissal is procedurally defective. Pursuant to Rule 1017(a), a bankruptcy case shall not be dismissed before a hearing on notice as provided in Rule 2002. Rule 1017(a) further provides that "[f]or the purpose of the notice, the debtor shall file a list of creditors with their addresses within the time fixed by the court unless the list was previously filed. If the debtor fails to file the list, the court may order the debtor or another entity to prepare and file it." Rule 2002(a)(4) requires, among other things, that all creditors be given notice of a motion and hearing to dismiss a case.

3. The Attempted Dismissal is governed by Section 707(a), which requires cause for a case to be dismissed. Rule 1017(f)(1) further provides that the procedure for seeking dismissal of a case under Section 707(a) is governed by Rule 9014.

4. Rule 9014 requires that a request for relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

5. Case law further provides that debtor's motion to voluntarily dismiss a case must at a minimum contain a brief description of the grounds that would constitute cause for granting the motion. <u>In re Hall</u>, 15 B.R. 913 (9th Cir. BAP 1981).

6. The Attempted Dismissal does not adhere to the applicable bankruptcy rules. It was not filed as a motion, but apparently as a purported self-executing filing, which is inappropriate and procedural defective.

7. <u>Second</u>, the Attempted Dismissal is defective because it contains no description of the grounds that would constitute cause for granting a dismissal.

8. <u>Third</u>, the Attempted Dismissal is defective because nothing indicates it was properly noticed. To date, Debtor has not identified its creditors, including he has not filed a complete list of twenty largest creditors. The Attempted Dismissal also includes no certificate of service to indicate what creditors received notice of the motion.

9. <u>Fourth</u>, the Attempted Dismissal is also substantively subject to denial.

10. A voluntary case will not be dismissed on the motion of debtor <u>unless</u> it can be shown that dismissal would be in best interest of debtor and the

bankruptcy estate's constituents, and if assets are such that substantial dividend would be paid to creditors if the estate were administered, the case will not be dismissed. In re St. Laurent, 17 B.R. 768, (Bkrtcy. D. Me. 1982). Dismissal of a Chapter 7 case on the motion of debtor is discretionary, and debtor's motion should not be granted when prejudice to creditors would result. In re Baylies, 114 B.R. 324 (Bkrtcy .D. Dist. Col. 1990). "[W]hether to grant a motion to dismiss has been guided by equitable principles: 'The court must balance the equities and weigh the benefits and prejudices of a dismissal.'" Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.), 857 F.2d 1061,1063 (5th Cir. 1988) (quoting In re Blue, 4 B.R. 580 (Bankr. D. Md. 1980)).

11. To date, Debtor has not filed any Schedule of Assets and Liabilities or Statement of Financial Affairs, which prevents knowledgeable consideration of the equities and prejudice to creditors if the case is dismissed. The Attempted Dismissal cannot be considered until Debtor files his Schedule of Assets and Liabilities and Statement of Financial Affairs.

12. In addition, Creditor has a basis to believe that administration of Debtor's estate may yield a substantial dividend to creditors. Debtor is the guarantor of a loan dated December 6, 2013 in the original principal amount of $25,000,000 to affiliated bankruptcy debtors Second Succession, LLC (Case No. 19-1253) and Second Progression, LLC (Case No. 19-1272). Creditor is informed and believes that Debtor had, and still has assets, including ownership interest in the real estate located at 4955 Riverside Dr. E, Apt. 602, Windsor, Ontario, Canada, which may have equity to pay creditors. Current real estate records identify that Debtor continues to own this real property.

13. Absent the Debtor filing his Schedule of Assets and Liabilities and Statement of Financial Affairs and providing testimony to parties in interest

regarding her assets and financial affairs and a substantive investigation into the Debtor's assets by the Chapter 7 trustee, the Court cannot conclude that dismissal of this case would be in the best interests of creditors or that a substantial dividend will not be paid to creditors.

14. Debtor's bankruptcy case provides an efficient means for Creditor to liquidate its claim against Debtor and be paid from the assets of Debtor's bankruptcy case.

15. It is significant also that, in the Creditor's view, Debtor filed this case in bad faith, for the purpose of delay, on September 13, 2019, the Friday before a Monday, September 16, 2019 trial setting in the Iowa District Court for Linn County, Equity No. EQCV088053, <u>WFRBS 2013-C18 Third Avenue SE, LLC v, Second Succession, LLC, et al.</u>

16. The Attempted Dismissal must be denied on the above described procedural errors and on these substantive reasons as well.

WHEREFORE, Creditor respectfully requests that the Attempted Dismissal be denied and for such other and further relief as is just and equitable in the circumstances.

Dated: October 10, 2019.

                                        Respectfully submitted,

                                        /s/ Mark D. Walz
                                        Mark D. Walz (IS9999605)
                                        Davis, Brown, Koehn, Shors & Roberts, P.C.
                                        4201 Westown Parkway, Suite 300
                                        West Des Moines, Iowa 50266

(515) 246-7898
mark.walz@lawiowa.com

Robert Hammeke (pro hac vice)
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone:  (816) 460-2400
Facsimile:  (816) 531-7545
robert.hammeke@dentons.com


ATTORNEYS FOR WFRBS 2013-C18 THIRD
AVENUE SE, LLC

-5-

Copy to:

United States Trustee's Office
111 7th Ave., S.E.  Box 17
Cedar Rapids, IA  52401-2101

L. Ashley Zubal
U.S. Trustee
Federal Building
210 Walnut Street, Rm 793
Des Moines, IA 50309-2108

Mark A. Critelli
2924 104th Street
Urbandale, IA 50322

Christopher K. Loftus
SIMMONS PERRINE MOYER BERGMAN PLC 115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
cloftus@spmblaw.com

ATTORNEYS FOR ASPECT, INC.

H. Raymond Terpstra
Terpstra & Epping
3600 First Avenue NE, Suite 101
Cedar Rapids, IA 52402

Attorneys for NAI Optimum, Receiver

The cm/ecf service list

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing the same in the U.S. Mail, postage per-paid, to their respective mailing addresses disclosed on the pleadings or, in the event the party is represented by counsel, to their counsel; or notice of the filing of this instrument was sent by e-mail, via CM/ECF, to all parties on the service list who have registered to receive service by e mail over CM/ECF, on October 10, 2019.

Signature:    s/s Mark D. Walz